HERNÁNDEZ DE RAMERY, PETICIONARIO Y APELANTE, *v.* EL PUEBLO, OPOSITOR Y APELADO.

Apelación contra resolución del Juez Asociado Sr. Hutchison.

No. 1333.—Resuelto en noviembre 7, 1918.

HABEAS CORPUS—ACUSACIÓN POR UN GRAN JURADO.—La acusación hecha por un gran jurado en las cortes insulares que tiene la firma del fiscal del distrito y los demás requisitos exigidos por la ley, no es nula porque el gran jurado no tenga vida legal en los tribunales insulares y por tal motivo no puede concederse el auto de *habeas corpus.*

ACUSACIÓN SIN JURAMENTO DEL FISCAL—CUÁNDO DEBE ALEGARSE ESE DEFECTO DE LA ACUSACIÓN.—La falta del juramento del fiscal en una acusación se entiende renunciado si tal defecto no se alega oportunamente en el tribunal *a quo*.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Rafael Martínez Nadal.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal del Supremo.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El apelante fundó su petición de *habeas corpus,* y por tanto su apelación ahora, en que se halla ilegalmente preso porque la acusación que motivó su condena y reclusión fué hecha en la Corte de Distrito de Arecibo por un gran jurado que no tiene existencia legal en nuestras cortes insulares.

Aunque lo último es cierto de acuerdo con el caso de *El Pueblo* v. *Tapia,* 245 U. S. 639, sin embargo como esa acusación está firmada también por el fiscal de aquel distrito y reúne los requisitos esenciales de toda acusación, el hecho de que contenga, además, requisitos no exigidos por nuestras leyes no es motivo para que sea nula y por tanto nulo el juicio, la sentencia e ilegal la prisión que por ella está sufriendo el apelante. En el caso *El Pueblo* v. *Fuentes,* que resolvimos en abril 2, 1918 (*per curiam*), confirmando la sentencia condenatoria, la acusación se hallaba en las mismas condiciones que la que nos ocupa ahora.

Es cierto que el fiscal no juró la acusación contra el apelante (art. 72 del Cod. de Enj. Cri.) pero tal defecto si no se alega oportunamente en la corte *a quo* se entiende renunciado y no produce la nulidad del juicio porque no tiende a perjudicar los derechos del acusado. *El Pueblo* v. *Aponte, et al.,* 9 D. P. R. 383; *El Pueblo* v. *Rodríguez,* 12 D. P. R. 182; *El Pueblo* v. *Ayala,* 13 D. P. R. 200; *El Pueblo* v. *Ayala,* 15 D. P. R. 764.

La resolución apelada debe ser confirmada.

*Declarado sin lugar el recurso.*

Jueces concurrentes: Sres. Presidente Hernández y Asociado del Toro.

Los Jueces Asociados Sres. Wolf y Hutchison no intervinieron en la resolución de este caso.